IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NEIL J. HAMBURG | : | CIVIL ACTION |
| | : | |
| v. | : | No.  16-5142 |
| | : | |
| SANTANDER BANK, N.A. | : | |

## MEMORANDUM

**Juan R. Sánchez, J.**                                                            **December 21, 2016**

This case arises out of Defendant Santander Bank, N.A.'s alleged mishandling of a tax refund check made payable to Plaintiff Neil J. Hamburg and his estranged wife Michelle A. Alford.  Hamburg alleges the Bank allowed Alford to open a fraudulent joint account, deposit the check into that account, and subsequently transfer the funds into an account in her own name, all without his knowledge or authorization.  Hamburg brings claims against the Bank for negligence, conversion, violation of the Pennsylvania Unfair Trade Practice and Consumer Protection Law (UTPCPL), and common law fraud.  The Bank has filed a Motion for Summary Judgment.[1]  Because there are no genuine disputes of material fact as to Hamburg's claims and the Bank is entitled to judgment as a matter of law, the Bank's Motion will be granted.

**FACTS**

On February 18, 2016, Alford opened a joint checking account under both Hamburg's and her own name without Hamburg's knowledge or consent.  The next day, Alford deposited a United States Treasury-Internal Revenue Service refund check in the amount of $121,220.18, payable to both Alford and Hamburg (the Check), into the joint checking account.  Hamburg did

---

[1] The Bank originally filed a Motion to Dismiss, but on November 10, 2016, the Court entered on Order notifying the parties that it intended to convert the Motion to Dismiss to a motion for summary judgment, and provided the parties the opportunity to submit supplemental briefing and materials.

not endorse the check or authorize its deposit. On February 23, 2016, Alford transferred the entire proceeds of the Check to another Santander account solely in her own name.

At all times relevant to this case, Hamburg and Alford have been involved in divorce proceedings before the Pennsylvania Court of Common Pleas. On May 2, 2016, in the divorce action, Hamburg filed a Petition for Special Relief, requesting that the court freeze the Check funds. In August 2016, while Hamburg's petition in the divorce action was pending, Hamburg filed this action against the Bank, alleging the Bank improperly allowed Alford to deposit the Check into a fraudulent joint account without Hamburg's authorization.

On November 30, 2016, the Court of Common Pleas denied Hamburg's Petition, and ordered that Alford "shall receive the parties' 2014 federal tax refund in the amount of $121,195 as an interim distribution against her final share of equitable distribution." *Alford v. Hamburg*, No. 16-06997, Order (Pa. Ct. Com. Pl. Nov. 30, 2016). The court further ordered Hamburg to pay Alford "$2,000.00 as reimbursement towards the counsel fees and costs she incurred to defend against his bad-faith, obdurate and vexatious conduct in bringing such Petition." *Id.*

**DISCUSSION**

A motion for summary judgment shall be granted "if the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Material" facts are those "that might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A factual dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* "Speculation, conclusory allegations, and mere denials are insufficient to raise genuine issues of material fact." *Boykins v. Lucent Techs., Inc.*, 78 F. Supp. 2d 402, 408 (E.D. Pa. 2000) (citations omitted). "Where the record taken as a whole could not lead a rational

trier of fact to find for the non-moving party, there is 'no genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In determining whether to grant summary judgment, the court "must view the facts in the light most favorable to the non-moving party, and must make all reasonable inferences in that party's favor." *Hugh v. Butler Cnty. Family YMCA*, 418 F.3d 265, 267 (3d Cir. 2005).

In his negligence claim, Hamburg first faults the Bank for allowing Alford to open a joint checking account, deposit the Check, and subsequently transfer the funds into her own account. Under Pennsylvania law, to "prevail in a negligence action, a plaintiff 'must show that the defendant had a duty to conform to a certain standard of conduct, that the defendant breached that duty, that such breach caused the injury in question, and actual loss or damage.'" [2] *Berrier*

---

[2] The Bank further argues it owed no duty of care to Hamburg. "Whether a defendant owes a duty of care to a plaintiff is a question of law in Pennsylvania." *Id.* (internal quotation marks and citation omitted). The parties do not dispute that Hamburg "is not now, and has never been a customer of Defendant Santander." Compl. ¶ 7. Thus, Hamburg has no direct relationship with the Bank. Courts in numerous jurisdictions have held that "a bank does not owe a duty of care to a noncustomer with whom the bank has no direct relationship." *Eisenberg v. Wachovia Bank, N.A.*, 301 F.3d 220, 225 (4th Cir. 2002) (citing cases). However, the law is unsettled whether the fact that a plaintiff's name is on a fraudulent account is sufficient to establish a relationship for the purposes of negligence. *Compare id.* at 226 (noting some courts have held that "banks do not owe a duty of care to noncustomers even when the noncustomer is the person in whose name an account was fraudulently opened" (citing *Software Design & Application, Ltd. v. Hoefer & Arnett, Inc.*, 56 Cal. Rptr. 2d 756, 759-6 (Cal. App. 1996); *Volpe v. Fleet Nat. Bank*, 710 A.2d 661, 664 (R.I. 1998)); *with Lebanon Cty. Earned Income Tax Bureau v. Bank of Lebanon Cty.*, Nos. 2007-01270, 2008-00990, 2011 WL 12847599, at *8-9 (Pa. Cmmn. Pls. Ct. Jan. 10, 2011) (finding bank owed duty of care to plaintiff where bank account was opened in its name and checks deposited into account were made payable to plaintiff). Because the Court will decide the negligence claim on another ground, it need not decide whether a duty exists.

Furthermore, there is no statutorily created duty in this case. Hamburg argues Santander owed him a duty of care under 13 Pa.C.S. § 3405(b). However, Section 3405 is inapplicable, as it exclusively addresses an employer's responsibility for the fraudulent indorsement of an instrument by the employer's employee. Hamburg also alleges the Bank has a duty under 31 C.F.R. § 240.1 to ensure that all treasury checks presented to it for payment are properly endorsed and authorized. Compl. ¶¶ 22, 25. However, 31 C.F.R. § 240.1 does not provide a federal private cause of action. Moreover, the Hamburg appears to have abandoned this claim in his briefing.

*v. Simplicity Mfg., Inc.*, 563 F.3d 38, 61 (3d Cir. 2009) (quoting *Phillips v. Cricket Lighters*, 841 A.2d 1000, 1008 (Pa. 2003)).  Hamburg maintains that he has suffered damages due to his lack of control over or access to the funds since their deposit.  *See* Compl. ¶ 12, 15 (alleging Hamburg was relying on the tax refund "in order to pay numerous bills, expenses and obligations"); Pl.'s Br. in Further Opp'n to Def.'s Mot. to Dismiss 3.

Following the Pennsylvania Court of Common Pleas' November 30, 2016, order, the record is clear that Hamburg has no interest in the Check funds, as the state court awarded the funds to Alford.  Moreover, the record unequivocally shows Hamburg would not have had access to the funds even before the state court entered its order. An October 12, 2015, email between Hamburg's divorce attorney and Alford's prior divorce attorney demonstrates the parties had agreed the funds would not be used.[3]  *See id.*, Ex. F.  Thus, Hamburg had no right to the funds regardless of Alford's and the Bank's actions.  Hamburg implicitly acknowledges as much, asserting Alford "had no right to the funds provided by the Treasury Check."  Pl.'s Br. in Further Opp'n to Def.'s Mot. to Dismiss/Mot. for Summ. J. 12.  If Alford had "no right" to the funds, as Hamburg claims, Hamburg himself also had no right to the funds.  Because Hamburg no longer has title to the Check funds, and he did not have ready access to the funds while he temporarily maintained a possessory interest in the funds, he has suffered no ascertainable loss as a result of

---

Hamburg further argues the recommended security measures of the Federal Financial Examination Counsel (FFIEC), as well as regulations implementing the USA PATRIOT Act, 31 U.S.C. § 5318(1), create a duty owed by the Bank to Hamburg.  Those authorities create no such duty.

[3] In the email, Hamburg's attorney informed Alford's attorney of the expected tax refund, which was "to be deposited into the joint account."  Pl.'s Br. in Further Opp. to Def.'s Mot. to Dismiss/Mot. for Summ. J., Ex. F.  Hamburg's attorney stated, "We want to confirm the agreement that this money will not be sent/utilized/moved, etc. without the written agreement of both parties."  *Id.*  Alford's attorney agreed and suggested doing "a short stipulation confirming."  *Id.*

the Bank's conduct. *See Schwarzwaelder v. Fox*, 895 A.2d 614, 619 (Pa. Super. Ct. 2006) (affirming trial court's dismissal of plaintiffs' claims that they suffered damages due to defendants' fraud and violation of the UTPCPL because such damages were "incapable of proof"). Hamburg has failed to demonstrate damages, and his negligence claim fails as a matter of law.[4] *See Berrier*, 563 F.3d at 61.

Hamburg next alleges the Bank unlawfully converted the funds of the Check, depriving him of its use and possession, in violation of Pennsylvania's Uniform Commercial Code, 13 Pa. Cons. Stat. § 3420. Under the UCC, a bank converts an instrument, such as a treasury check, if it "makes or obtains payment with respect to the instrument for a person not entitled to enforce the instrument or receive payment." *Id.* The official comments to Section 3420 explain that a bank engages in conversion where a check is payable to two persons, and the bank allows one of the payees to deposit the check into his own account without the authorization or consent of the second payee. *See id.* § 3420, cmt. 1. Here, in contrast, the Bank allowed Alford to deposit the Check into a joint checking account held by husband and wife; only after the Check was deposited into the joint checking account did the Bank allow Alford to transfer the funds into her own account. It is therefore not clear if the Bank's conduct amounted to conversion.

Even if the Bank converted the Check funds at the time it deposited the funds into the joint account, Hamburg's conversion claim fails because he has suffered no loss. Although the

---

[4] Hamburg cites several provisions of Pennsylvania's Uniform Commercial Code (UCC) in arguing he has suffered damages as a result of the Bank's conduct. He argues the Bank is strictly liable to Hamburg under the UCC for making an improper payment on the Check somehow establishes he has been damaged as a matter of law. *See* Pl.'s Br. in Further Opp'n to Def.'s Mot. to Dismiss/Mot. for Summ. J. 10. He contends that because the Bank is strictly liable for its actions, he has sufficiently established damages for his negligence claim. *Id.* at 11. However, Hamburg improperly conflates his negligence claim with strict liability, and his attempt to use violations of the UCC to establish damages is unsuccessful.

measure of liability for conversion under Pennsylvania's UCC is "presumed to be the amount payable on the instrument," any "recovery may not exceed the amount of the plaintiff's interest in the instrument." *Id.* § 3420(b). Pursuant to the Court of Common Pleas' November 2016 ruling, Hamburg retains no interest in the Check funds, and is therefore not entitled to recovery. If the Bank were held liable to Hamburg for some amount of damages based on the amount of the Check, Hamburg would reap an award in excess of the amount of money to which he is entitled, at odds with the UCC's mandate that its provisions be supplemented with principles of equity. *See D & G Equip. Co. v. First Nat'l Bank of Greencastle,* 764 F.2d 950, 958 (3d Cir. 1985) (noting the UCC "specifically states that principles of equity are to supplement its provisions" (citing 13 Pa. Cons. Stat. § 1103)). To allow Hamburg to recover for conversion would be inequitable because he is not entitled to any compensation.[5] *See Scully v. US WATS, Inc.*, 238 F.3d 497, 509 (3d Cir. 2001) (noting conversion "damages are intended to compensate a plaintiff for actual loss"); *Fort Washington Res., Inc. v. Tannen*, 901 F. Supp. 932, 944 (E.D. Pa. 1995) ("A prevailing plaintiff in a conversion action is entitled to damages 'for all actual

---

[5] Furthermore, facing a conversion claim, a bank may claim a defense of mitigation. *See D & G Equip. Co.*, 764 F.2d at 958 (noting that in the case of presumed liability, a collecting bank may claim a defense of mitigation). In *D & G Equipment Co.*, a corporation brought suit against a collecting bank, alleging the bank converted corporate funds when it allowed a former corporate officer to deposit checks payable to the corporation in a personal account. Because the majority of such funds were used to pay the corporation's rent, taxes, and insurance premiums, the bank raised a mitigation defense. *Id.* at 953. The Third Circuit recognized the viability of such a defense, holding a depositary or collecting bank may "establish a defense of mitigation by virtue of payment of the plaintiff's debts" by "offer[ing] proof that the converted monies were used to discharge the specific debts which the plaintiff would have elected to pay at the time the conversion occurred." *Id.* at 959.

 Although not framed as such, the Bank's defense is akin to a mitigation defense in that it argues Hamburg has suffered no damages. In line with the reasoning of *D & G Equipment Co.*—that damages are mitigated, and a defense established, where the converted monies are used to pay off a plaintiff's debt—the Bank has demonstrated the funds were allotted to Alford by the state court as distribution in divorce proceedings. Thus, even if the funds were converted, any damage was mitigated because the converted funds were used towards the equitable distribution owed by Hamburg to Alford, as ordered by the state court.

losses or injuries sustained as a natural and proximate result of the converter's wrong.'" (quoting *Am. E. India Corp. v. Ideal Shoe Co.*, 400 F. Supp. 141, 169 (E.D. Pa. 1975), *aff'd*, 568 F.2d 768 (3d Cir. 1978)).

Hamburg next contends the Bank violated Pennsylvania's UTPCPL, 73 Pa. Stat. § 201-1 et seq.  A private cause of action exists under the UTPCPL where a person "purchases or leases goods or services primarily for personal, family or household purposes and thereby suffers any ascertainable loss of money or property, real or personal, as a result of" a defendant's use or employment of an unlawful practice prohibited by the statute. 73 Pa. Stat. § 201-9.2.  Hamburg argues his claim falls under the UTPCPL's "catch-all" provision, which prohibits "engaging in any other fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding." *Id.* § 201-2(4)(xxi).  To assert a private cause of action under the "catchall" provision, however, a plaintiff must establish justifiable reliance on an alleged material misrepresentation or wrongful conduct, and that such reliance caused the alleged harm. *See Hunt v. U.S. Tobacco Co.*, 538 F.3d 217, 224 (3d Cir. 2008); *Hope v. Fair Acres Geriatric Center*, 174 F. Supp. 3d 880, 893 (E.D. Pa. 2016).

Hamburg's UTPCPL claim fails for three reasons.  First, Hamburg has no standing to bring a cause of action under the UTPCPL because he has not alleged he "purchase[d] or lease[d] goods or services primarily for personal, family or household purposes" from the Bank.  Second, his claim does not fall under the "catchall" provision because he has failed to even allege, much less present evidence, that he justifiably relied on the Bank's misrepresentation or deceptive conduct.[6]  *See Hunt*, 538 F.3d at 227 (holding plaintiff does not enjoy a presumption of reliance

---

[6] Hamburg argues he was entitled to rely on the Bank's written and public representations that a check made out to him and his wife would not be used to fund a fraudulent joint account. However, Hamburg failed to allege or show that he in fact relied on such representations.

under the UTPCPL's catchall provision, and must affirmatively prove the defendant's deception induced him to act). Third, as explained above, Hamburg has suffered no ascertainable loss as a result of the Bank's conduct. *See* 73 P.S. § 201–9.2 (requiring showing of "ascertainable loss" to sustain private cause of action under UTPCPL); *Schwarzwaelder*, 895 A.2d at 619 (holding a violation of the UTPCPL cannot be sustained without a plausible allegation of damages).

Lastly, Hamburg claims the Bank committed common law fraud. "'[T]o establish common law fraud, a plaintiff must prove: (1) misrepresentation of a material fact; (2) scienter; (3) intention by the declarant to induce action; (4) justifiable reliance by the party defrauded upon the misrepresentation; and (5) damage to the party defrauded as a proximate result.'" *Hunt*, 538 F.3d at 225 n.13 (quoting *Colaizzi v. Beck,* 895 A.2d 36, 39 (Pa. Super. Ct. 2006)). Hamburg fails to even allege any facts, much less present evidence, that demonstrate the first four elements of common law fraud; he alleges only that "Santander's conduct toward [him] constitutes common law fraud." Compl. ¶ 47. He also has suffered no damages as a result of the Bank's conduct, as explained above.

No material facts are in genuine dispute as to any of Hamburg's claims. Because the Bank is entitled to judgment on those claims as a matter of law, the Bank's motion for summary judgment will be granted and judgment on all claims in Hamburg's Complaint will be entered in favor of the Bank.

An appropriate order follows.

BY THE COURT:

/s/ Juan R. Sánchez  
Juan R. Sánchez, J.

8